UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STARR INDEMNITY & LIABILITY     :
COMPANY,     :
    :
              Plaintiff,     :     **COMPLAINT**
    :
       -against-     :
    :     CASE NO.: 20-CV-546
NORTH AMERICAN RISK SERVICES, INC.:     :
    :
            Defendant.     :
------------------------------------------------------------X

Plaintiff, Starr Indemnity & Liability Company ("Starr"), by way of

Complaint against Defendant North American Risk Services, Inc. ("NARS") alleges:

## PARTIES

1. Starr is a property and casualty insurance company incorporated in the State of Texas, which maintains its main administrative office at 399 Park Avenue, New York, New York. Starr is authorized to do business and does business in the State of New York.

2. Defendant is a corporation duly organized and existing under the laws of the State of Delaware.

3. Defendant maintains its headquarters and principal place of business at 240 East Central Parkway, Altamonte Springs, Florida.

4. Defendant is an authorized foreign corporation in New York under Business Corporation Law sections 1301, *et seq.*

## JURISDICTIONAL ALLEGATIONS

5.      The amount in controversy between the parties is in excess of Seventy-Five Thousand ($75,000.00) Dollars.

6.      Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

7.      Jurisdiction and venue are also proper because, pursuant to the operative agreement upon which this litigation is based, the parties consented to the jurisdiction and venue of this Court.

## FACTUAL ALLEGATIONS

8.      Starr provides property and casualty insurance products for industrial, commercial, retail, and governmental entity risks, along with loss control, claims management, and reinsurance policies to policyholders throughout the United States.

9.      NARS is a third-party claims administrator ("TPA") that administers claims for insurance companies.

10.     On or about September 1, 2011, the parties entered into an agreement pursuant to which NARS agreed to be the TPA in connection with insurance policies issued to customers through Starr's managing general agent G&G Underwriters, LLC (the "Contract").

11.     On or about April 1, 2012, the Contract was amended to provide that NARS would also act as the TPA in connection with the insurance policies issued to customers through another of Starr's managing general agents, Johnson & Johnson, Inc. ("J&J") ("Addendum No. 1").

12. Addendum No. 1 also required NARS "to use the firm Adair Home & Associates as its primary independent adjuster for claims covered under the Johnson & Johnson, Inc. produced Commercial Multi-Peril Program, unless there is a valid business reason for using another independent adjusting entity."

13. In entering into the Contract, NARS expressly represented that it was "duly qualified" to provide the "investigation, adjusting, administration and payment" services set forth therein.

14. Pursuant to the Contract, NARS agreed to provide Starr with certain "Basic Services," including but not limited to investigating claims in "accordance with generally accepted industry standards," and performing policy verifications in return for a flat fee depending on the type of claim (i.e., bodily injury or property damage).

15. In addition to the basic services enumerated in the Contract, NARS agreed to abide by all of Starr's instruction as set forth in Schedule 1 to the Contract.

16. The Contract further empowered NARS to "resist, adjust, handle, defend, litigate, compromise or settle to a conclusion, withdraw from actions or submit to arbitration . . . any action which, in the judgment of [NARS], may inure to the benefit of [Starr] in connection with" covered claims, "supervise all litigation involving . . . any Claim," and pursue any subrogation possibilities along with claims for contribution or indemnity.

17. NARS agreed to indemnify Starr for "any and all liabilities," including "claims, suits, actions, demands, settlements, losses" or other "costs arising out of or resulting from ... (i) any negligent act or omission, by [NARS] ... related to or arising out of this [Contract]."

18. Despite the clear and unambiguous language of the Contract, NARS failed to perform its obligations to Starr with respect to claims filed under two policies issued by J&J to an entity called Ocean Keyes Development, LLC (the "Ocean Keys Claims").

19. As a result of NARS's failure to perform its obligations pursuant to the clear and unambiguous terms of the Contract, Starr has incurred substantial damage from the mismanagement of the Ocean Keys Claims.

## COUNT I - BREACH OF CONTRACT

20. Starr hereby repeats, realleges, and incorporates by reference and makes a part hereof the allegations in the preceding paragraphs, as if set forth herein at length.

21. Starr and NARS entered into a contract on September 1, 2011.

22. Starr performed its obligations under the Contract.

23. NARS breached the Contract by:

    a. failing to provide Starr with the Basic Services as set forth in the Contract;

    b. failing to provide Starr with services in accordance with the policies, procedures, and specific written guidelines as set forth in the Contract; and

    c. engaging in the following practices in violation of the Contract:

        i. Poor investigation of the Ocean Keyes Claims;

        ii. Misunderstanding and misapplying applicable law;

    iii.    Failing to send reservation of rights letters and/or failure to update reservation of rights letters as the Ocean Keyes cases progressed and the evidence developed;

    iv.    Failing to investigate whether: (1) the subject policies covered real estate development; (2) Ocean Keyes was a named insured or additional insured; (3) Ocean Keyes misrepresented its operations when it applied for the policies; and (4) there were grounds to deny coverage and/or rescind the policies;

    v.    An inability to recognize and properly investigate the construction defect Ocean Keyes Claims;

    vi.    Paying defense costs for entities (Keye Construction, Inc.) and an individual (Russell Baltzer) not covered by the Starr policies;

    vii.    Failing to use the required primary independent adjuster (Adair Home & Associates) for the Ocean Keyes Claims.

24. As a result of NARS's breach of the Contract, Starr has been damaged by paying defense costs and indemnity on the Ocean Keyes Claims.

25. In that regard, Starr paid $2,487,500.00 in indemnity, $620,425.80 in defense costs, and $7,248.73 in adjusting and other expenses (totaling $3,115,174.53), to resolve the Ocean Keyes Claims.

26. Starr commenced an arbitration proceeding against J&J for, among other things, its breaches of the underwriting guidelines.

27. Starr was secured am award against J&J in the arbitration proceeding.

28. The arbitration panel, however, reduced the award for the indemnity paid by Starr by 20% and the defense costs and other expenses incurred by Starr by 25%, because of claims handling issues.

29. Based on the foregoing, Starr is entitled to compensatory damages in the amount of $654,418.63 (i.e., the difference between the amount Starr paid to resolve the Ocean Keyes Claims and the arbitration award).

30.    Additionally, pursuant to Sections X(A) and (C) of the Contract, Starr is entitled to recover all losses incurred due to NARS's breaches, including, but not limited to, attorneys' fees and costs incurred in the arbitration against J&J.

### COUNT II - NEGLIGENCE AND/OR PROFESSIONAL NEGLIGENCE

31.    Starr hereby repeats, realleges, and incorporates by reference and makes a part hereof the allegations in paragraphs 1 through 19, as if set forth herein at length.

32.    Pursuant to the terms of the Contract, NARS was to provide various services to Starr with respect to the investigation, adjusting, administration and payment of claims made under policies issued by Starr's managing general agents.

33.    NARS was under a duty to perform this work and furnish these services in accordance with the terms of the Contract, Starr's policies, procedures and written guidelines, as well as industry standards.

34.    NARS breached that duty by negligently performing those obligations.

35.    As a result of the negligent acts of NARS, Starr has been damaged by paying defense costs and indemnity on the Ocean Keyes Claims.

WHEREFORE, plaintiff demands judgment against defendant:

A.    Awarding Starr damages for all losses incurred from NARS's breaches;

6

B.      Awarding Starr damages for all losses incurred as a result of NARS's negligence/professional negligence;

C.      Awarding all legal fees and expenses incurred as a result of NARS's, including those incurred in the arbitration against J&J and in this action;

D.      Granting such other and further relief as the Court deems just and proper.

Dated: January 21, 2020                         Respectfully Submitted,

STARR INSURANCE HOLDINGS, INC.

_____/s/ Ross M. Chinitz_____
Ross M. Chinitz
399 Park Avenue, 3rd Floor
New York, New York  10022
646-227-6409
ross.chinitz@starrcompanies.com
*Attorneys for Plaintiff*
*Starr Indemnity & Liability Company*